■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID DRAIN, Respondent.—Order unanimously reversed on the law, defendant's motion to suppress denied, and matter remitted to Erie County Court for further proceedings on the indictment. Memorandum: Although the police illegally seized evidence consisting of cash and a checkbook from defendant's car, it may be admitted on defendant's prosecution for perjury allegedly committed after the search *(United States v Raftery,* 534 F2d 854, *cert denied* 429 US 862; *United States v Turk,* 526 F2d 654, *cert denied* 429 US 823; *cf., United States v Ceccolini,* 435 US 268; *People v McGrath,* 46 NY2d 12, *cert denied* 440 US 972; *United States v Paepke,* 550 F2d 385). The application of the exclusionary rule in a given context depends on a balancing of its probable effect in deterring police misconduct against the negative impact suppression would have on the truth-finding process *(People v McGrath, supra,* at 21). Here, suppression would have little deterrent effect since defendant's subsequent commission of perjury was unforesee-

able by the officers who conducted the illegal search *(see, United States v Turk, supra,* at 667). The evidence is probative and reliable to establish defendant's commission of perjury *(see, United States v Turk, supra).* Granting suppression in these circumstances would give defendant a license to commit perjury free from concern that his false statement might be contradicted by the prosecution's use of the illegally seized evidence *(see, United States v Turk, supra; cf., United States v Havens,* 446 US 620; *Walder v United States,* 347 US 62). "[E]vidence obtained in an illegal search may properly be admitted in the perjury trial of a victim of the search when the alleged perjury occurred after the search and with the knowledge on the part of the victim that the search had taken place" *(United States v Turk, supra,* at 667). (Appeal from order of Erie County Court, McCarthy, J.—motion to suppress evidence.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.